### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | |
| JERMAINE KING | NO. 00-313-1 |

### SUPPLEMENTAL MEMORANDUM TO PREVIOUSLY ISSUED ORDER

**Joyner, J.**                                                                                      **April 21, 2021**

The Court issues this Memorandum to supplement our April 13, 2021 Order denying Jermaine King's Motion for Order for Hearing and Reduced Sentence under the First Step Act (Doc. No. 888). Pursuant to United States v. Easter, 975 F.3d 318 (3d Cir. 2020), this Court erroneously did not include in our initial Order denying the reduction in sentence a description of our consideration of the 18 U.S.C. § 3553(a) sentencing factors and the Defendant's post-conviction conduct. The government and Mr. King's defense counsel jointly requested by letter dated April 14, 2021 an explanation of denial for the record (Doc. No. 890). We issue this Memorandum to more clearly explain our reasoning in deciding not to reduce Mr. King's sentence.

### Procedural Background

In February 2001, a jury found Mr. King guilty on twelve counts, including conspiracy to distribute 50 grams or more of

1

cocaine base, in violation of 21 U.S.C. §§ 860 and 841(b)(1)(A), distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A), and distribution of 50 grams or more of cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. § 841(b)(1)(A).  This Court imposed the then-mandatory Guideline sentence of life imprisonment, based on the Guideline range of life.  Under retroactive amendments to the Sentencing Guidelines, Mr. King's advisory range was later reduced to 360 months to life. This Court reduced Mr. King's sentence to 360 months' imprisonment in March 2012.  Mr. King presently asks this Court for a sentence reduction pursuant to Section 404 of the First Step Act of 2018.

## **Although Mr. King Is Eligible for a Sentence Reduction under Section 404 of the First Step Act, We Find the Current Sentence Appropriate**

Section 404 made retroactive the Fair Sentencing Act of 2010's changes to the statutory sentencing ranges for crack offenses.  The government and Mr. King agree that he is eligible for a sentence reduction, in light of United States v. Jackson, 964 F.3d 197 (3d Cir. 2020).  In that case, the Third Circuit found that eligibility for a sentence reduction under Section 404 rests on the statute of conviction, not the quantity of crack actually involved in the offense.  Jackson, 964 F.3d at 207.  Therefore, Mr. King's 360-month sentence was imposed under a statutory range which has since been reduced and so he is

2

eligible for a reduced term. An eligible defendant, however, is not entitled to relief. First Step Act of 2018, Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222 (2018); Jackson, 964 F.3d at 204 ("While a defendant may be eligible for a reduction of sentence, district courts are under no obligation to provide relief"). Courts must use their discretion in deciding whether to reduce defendants' terms and consider the 18 U.S.C. § 3553(a) sentencing factors, as well as post-conviction conduct, if raised by the parties. Easter, 975 F.3d at 326.

We agree with the government that given the facts and circumstances of this case, the current sentence of 360 months is appropriate. We are not required to hold a hearing for a proceeding under Section 404 and we find that a hearing is not necessary for a complete review of the motion on the merits given the detailed briefing submitted by the government and Mr. King's counsel.

We have also considered Mr. King's Pro Se Supplemental Reply (Doc. No. 882) and recognize the government's erroneous attribution of firearm charges in the government's supplemental response (Doc. No. 878). The incorrectly described firearm charges played no part in our decision not to reduce the sentence.

### ***The 18 U.S.C. § 3553(a) Sentencing Factors Do Not Support a Reduction in Sentence***

The statutory sentencing factors weigh against reducing Mr. King's sentence.  The Section 3553(a) factors that must be considered are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and to provide the defendant with needed vocational or educational training, medical care or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant…
>
> (5) any pertinent policy statement issued by the Sentencing Commission … in effect on the date the defendant is sentenced;
>
> (6) the need to avoid unwarranted sentence disparities between defendants with similar records convicted of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)-(7)

We have considered the factors to the extent that they are applicable.  See Easter, 975 F.3d at 327.  A sentence of 360 months' imprisonment reflects the serious nature and circumstances of the crimes as well as the history and

4

characteristics of Mr. King.  We have taken into consideration Mr. King's young age at the time of the conduct and his struggles with drug use, but we still find the sentence to be a just punishment.  The term is necessary to reflect the seriousness of Mr. King's conduct, to promote respect for the law, and to deter similar criminal conduct.  Reducing the sentence may also risk unwarranted sentence disparities.

### *Mr. King's Post-Conviction Conduct Does Not Warrant a Sentence Reduction*

Although we commend Mr. King's post-conviction conduct, we do not find that it justifies a reduction in sentence, given the severity of the crimes.  Under Pepper v. United States, 562 U.S. 476 (2011), we consider Mr. King's behavior since he has been incarcerated and look to the current picture of his history and character.  Mr. King has taken many educational and trade courses and we are hopeful that his efforts to gain skills and his significant family support will ease his transition after the conclusion of his term of imprisonment.  While incarcerated, Mr. King has committed six disciplinary infractions, but we appreciate that these were minor, nonviolent offenses.  However, Mr. King was a leader of an organization that distributed a large amount of crack in Philadelphia over a period of years.  The term of 360 months is appropriate given the extent of Mr. King's criminal conduct as a leader of that organization.

## **Conclusion**

We deny the Motion for Order for Hearing and Reduced Sentence under the First Step Act because we find that the 18 U.S.C. § 3553(a) factors and Mr. King's post-conviction conduct do not support a reduced term of imprisonment or supervised release.

BY THE COURT:

s/J. Curtis Joyner
_____
J. CURTIS JOYNER, J.