IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| v. | |
| JERMAINE KING | NO. 00-CR-313-01 |

**MEMORANDUM**

**Joyner, J.**                                                      **June 24, 2021**

**Introduction**

The defendant, Jermaine King, moves for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). He has met the procedural requirements of the statute. We deny Mr. King's Motion because the risk of contracting COVID-19 due to the conditions at FPC Schuylkill and his race are not extraordinary and compelling reasons to grant release. Consideration of the 18 U.S.C. § 3553(a) factors and the danger he presents to the community weigh in favor of his release, however, this Court cannot grant the Motion without finding an extraordinary and compelling reason for release. See United States v. Doe, 833 Fed. Appx. 366, 367 (3rd Cir. Pa., Oct. 29, 2020) (per curiam) (affirming the district court appropriately considered whether the risk of contracting COVID-19 was an extraordinary and compelling circumstance, the § 3553(a) sentencing factors, and

whether the defendant presented a danger to the community when denying compassionate release).

## **Factual Background**

On February 1, 2001, a jury found Mr. King guilty of conspiracy to distribute crack cocaine. Government's Resp., Doc. No. 883, at 1. Mr. King was the leader of a drug distribution organization, supplying and controlling the distribution of a large amount of crack cocaine in North Philadelphia from May 1998 to May 2000. Id. at 2.

The Court sentenced Mr. King to life. Id. His sentence was later reduced to 360 months after 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines reduced the base offense levels for most crack offenses. Id. at 3. The Court denied Mr. King's motion to further reduce his sentence under Section 404 of the First Step Act (Doc. No. 888) and his appeal is now pending before the Third Circuit (Doc. No. 891). Mr. King's anticipated release date is currently December 14, 2026. Id. at 3.

Mr. King submitted a request for compassionate release to the warden at FPC Schuylkill and his request was denied. Id. at 4. After appealing and receiving a denial of his appeal, Mr. King filed a motion to the Court requesting to be transferred to home confinement. Id. The Court denied his motion for lack of

jurisdiction without prejudice to file a compassionate release motion. Id.

On February 8, 2021, he filed the instant motion (Doc. No. 881) for compassionate release to the Court, and the government responded in opposition (Doc. No. 883). Mr. King submitted a supplemental reply (Doc. No. 887) notifying the Court that the government erroneously attributed firearm charges in their response (Doc. No. 883). We have considered Mr. King's supplemental reply (Doc. No. 887) and recognize the government's error. The incorrectly described firearm charges play no part in our decision here.

## **Procedural Requirements Are Satisfied**

Mr. King has fully exhausted his administrative remedies. He submitted his request for compassionate release to the warden on May 20, 2020, and was denied on June 15, 2020. Government's Resp., Doc. No. 883, at 4. He appealed the warden's denial on July 15, 2020, and the BOP's regional director denied the appeal on December 4, 2020. Id. Mr. King filed the instant motion on February 8, 2021, over 30 days after the denial of his appeal. Id. The government concedes that Mr. King has fully exhausted his administrative remedies. Id. Therefore, we find Mr. King meets the procedural requirements to file this motion.

## **Extraordinary and Compelling Reasons**

Mr. King asserts the conditions at FPC Schuylkill and his race as an African-American increase his risk of contracting COVID-19 and thus presents extraordinary and compelling reasons for his release. Def.'s Mot., Doc. No. 881, at 3, 5; Government's Resp., Doc. No. 883, at 4.

First, Mr. King asserts FPC Schuylkill's conditions are an extraordinary and compelling reason for release. Def.'s Mot., Doc. No. 881, at 3, 5. A successful claim for compassionate release must address an individual's risk as an extraordinary and compelling reason for release rather than the general existence of COVID-19. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"). Courts look at the circumstances of the pandemic, the defendant's medical conditions, age, and risk of contracting COVID-19 within the correctional facility to determine if an extraordinary and compelling reason exists in a defendant's individual case. United States v. Babbitt, No. 18-384, 2020 U.S. Dist. LEXIS 195976, at *11-12 (E.D. Pa. Oct. 21, 2020). The risk of contracting COVID-19 within a correctional facility is not itself extraordinary because other inmates face the same risk. See Id. at *12 ("the fact that a facility may have confirmed

cases of COVID-19 does not justify release if the defendant is not at risk due to age or other medical conditions").

Here, Mr. King fails to demonstrate that he presents an individual risk that meets the threshold of extraordinary and compelling to warrant release. He did not assert any medical conditions nor does his medical record indicate he suffers from a medical condition identified by the CDC as a risk factor if infected with COVID-19. See United States v. Hampton, No. 15-00302-2, 2020 U.S. Dist. LEXIS 142371, at *3 (E.D. Pa. Aug. 10, 2020) (reasoning the defendant failed to demonstrate any medical condition or other extraordinary and compelling reasons that distinguish him from the general prison population to warrant his release). Further, Mr. King received his first dose of the Pfizer vaccine on February 9, 2021. Government's Resp., Doc. No. 883, at 5. Absent a shift in scientific consensus, COVID-19 vaccination protects Mr. King from an adverse outcome if he contracts COVID-19 even if he did assert a medical condition identified by the CDC as a risk factor. See United States v. Sturgell, No. 15-120, 2021 U.S. Dist. LEXIS 84012, at *15 (E.D. Pa. May 3, 2021) (reasoning a defendant's medical conditions and the fact that he "has already received the first dose of the Pfizer COVID-19 vaccine" do not present extraordinary and compelling reasons for release).

Second, in Mr. King's request for compassionate release to the warden, he asserted that his race as an African-American puts him at a greater risk of contracting COVID-19 and thus presents an extraordinary and compelling reason for release. Government's Resp., Doc. No. 883, at 4. Race alone is not an extraordinary and compelling reason for release because "Courts in this Circuit have consistently rejected the conclusion that a defendant's race places him at an increased risk of contracting COVID-19." United States v. Griffin, No. 07-374-02, 2021 U.S. Dist. LEXIS 88562, at *9 (E.D. Pa. May 7, 2020). Though African-Americans have disproportionately contracted COVID-19 and are overrepresented in COVID-19 statistics, there is no clear evidence "that the reported statistical differences are based on biological predisposition rather than possibly attributable to systemic economic and social issues." United States v. Bermudez, No. 05-044-15, 2020 U.S. Dist. LEXIS 234133, at *12 (E.D. Pa. Dec. 14, 2020) (citing United States v. Alexander, No. 19-32, 2020 U.S. Dist. LEXIS 85609, at *4 (D.N.J. May 15, 2020)); see Griffin, No. 07-374-02, 2021 U.S. Dist. LEXIS 88562, at *9.

Here, Mr. King failed to demonstrate how his race puts him at an increased risk of contracting COVID-19. See Griffin, No. 07-374-02, 2021 U.S. Dist. LEXIS 88562, at *10 (reasoning a defendant failed to demonstrate his race as an African-American increases his risk of contracting COVID-19 and thus is not an

extraordinary and compelling reason for release). Therefore, his race is not an extraordinary and compelling reason for release.

In sum, we find Mr. King's risk of contracting COVID-19 because of FPC Schuylkill's conditions and his race are not extraordinary and compelling reasons to justify his release.

## **18 U.S.C. § 3553(a) Sentencing Factors and Danger to the Community**

Although Mr. King fails to present extraordinary and compelling reasons for release which ultimately weigh against granting his Motion, we also consider the § 3553(a) factors and whether he presents a danger to the community.

18 U.S.C. § 3582(c) requires a court to consider the factors under § 3553(a) "to the extent they are applicable." The applicable factors include (1) the nature and circumstances of the offense and the history and the characteristics of the defendant; (2) the need for the sentence imposed to (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence; (C) to protect the public from further crimes of the defendant; and (D) to provide rehabilitation; and (6) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). After considering the § 3553(a) factors, the court can look to the Sentencing Commission's Policy statement U.S.S.G. § 1B1.13(2) for helpful guidance to determine if the

defendant is a danger to the community under 18 U.S.C. § 3142(g). See United States v. Rodriguez, 451 F. Supp. 3d 392, 406 (E.D. Pa. 2020); United States v. Griffin, No. 07-374-02, U.S. Dist. LEXIS 88562, at *12 (E.D. Pa. May 7, 2021) (denying compassionate release because under § 3142(g) the defendant presented a danger to the community if released and the § 3553(a) factors weighed against release). The factors under § 3142(g) include (1) the nature and circumstances of the offense charged; (2) the weight of evidence; (3) the history and characteristics of the defendant; and (4) the danger to the community posed by the defendant's release. See Rodriguez, 451 F. Supp. 3d at 406.

Here, the circumstances and nature of Mr. King's leadership role in a crack cocaine drug distribution conspiracy and distributing a large amount of crack cocaine for two years is significant. Government's Resp., Doc. No. 883, at 2. However, the significance of his offense does not preclude release when considering the other § 3553(a) factors. See United States v. Somerville, 463 F. Supp. 3d 585, 602 (W.D. Pa. 2020)(reasoning "almost all federal prisoners have committed serious crimes. If generalized (albeit legitimate) concerns about the dangers of guns and drugs were enough to bar compassionate release, almost no one would be eligible"). Mr. King has completed about seventy percent of his 360-month sentence and approximately six-years

remain before his release. Def.'s Mot., Doc. No. 881, at 3-4. The amount of his sentence he has served thus far reflects the seriousness of his offenses and provides just punishment. Additionally, after Mr. King is released, he will be subject to 10-years of supervised release which further provides just punishment, deterrence, and reduces the risk of recidivism. Government's Resp., Doc. No. 883, at 2; See United States v. Nunez, 483 F. Supp. 280, 287 (E.D. Pa. 2020) (reasoning a defendant's risk of recidivism will be sufficiently managed through a three-year term of supervised release and six-months of home confinement). While the government is correct that courts have denied release in cases with comparable offenses and sentences, courts have also granted compassionate release under similar circumstances. Government's Resp., Doc. No. 883, at 16; see United States v. Harris, No. 97-399-1, 2020 U.S. Dist. LEXIS 245018, *3-5 (E.D. Pa. Dec. 31, 2020) (granting compassionate release for a forty-seven-year-old defendant who has served approximately seventy percent of his 357-month sentence for two robberies). Thus, there is also no indication that granting release would create unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(6).

Although Mr. King's offenses were serious, he does not currently pose a danger to others because of his rehabilitation and good conduct demonstrated during the substantial time he has

served. See Harris, No. 97-399-1, 2020 U.S. Dist. LEXIS, 245018, *47-48 (reasoning a defendant no longer presents a danger to the community because of the strict terms imposed for three-year supervised release, good behavior while incarcerated, and low recidivism risk due to the defendant being nearly fifty-years old). The BOP transferred Mr. King to a satellite federal prison camp, and he anticipates another transfer to a community level prison camp next year to work in Schuylkill County, which demonstrates his good conduct and that he no longer presents a danger to the community. Def.'s Mot., Doc. No. 881, at 4. Further, Mr. King has received only seven minor disciplinary infractions during his incarceration. Government's Resp., Doc. No. 883, at 3. Also, Mr. King is nearly fifty-years old which indicates he is at a low risk of recidivism. Harris, No. 97-399-1, 2020 U.S. Dist. LEXIS, 245018, *47-48. He also has plans to secure employment and marry the mother of his daughter when he is released. Def.'s Mot., Doc. No. 881, at 4.

Therefore, we find the § 3553(a) factors, and whether Mr. King presents a danger to the community under § 3624, weigh in favor of his release.

### **Request for Home Confinement**

Mr. King filed the instant motion requesting compassionate release to "modify his sentence to 'time served' or allow him to serve the remainder of his sentence under home confinement

pursuant to 18 U.S.C. § 3624(c)(2)." Def.'s Mot., Doc. No. 881, at 1. We have evaluated his Motion as a request for a reduction in sentence under 18 U.S.C. § 3582(c). Mr. King's request for the court to impose home confinement under 18 U.S.C. § 3624(c)(2) as an alternative to compassionate release must also be denied for lack of jurisdiction. Under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, the BOP has the sole authority to move inmates into home confinement under 18 U.S.C. § 3624(c)(2). CARES Act § 12003(b)(2), Pub. L. No. 116-136, 134 Stat. 281 (2020); see United States v. Garcia, No. 09-224-01, 2021 U.S. Dist. LEXIS 34346, at *18 (E.D. Pa. Feb. 23, 2021) (finding the court cannot adjudicate the defendant's request to alternatively grant release into home confinement because this discretion rests solely with the BOP). Courts do not have jurisdiction to grant a defendant's request for home confinement and do not have judicial review over the BOP's decisions regarding home confinement. See e.g., United States v. Ramirez-Ortega, No. 11-251-07, 2020 LEXIS 148629, at *8-9 (E.D. Pa. Aug. 18, 2020) (dismissing a defendant's request for home confinement for lack of jurisdiction under the CARES Act); United States v. Mansaray, No. 13-236, 2020 LEXIS 101298, at *6 (E.D. Pa. June 10, 2020)("Congress did not provide the Courts with the authority to review the BOP Director's decisions whether to release inmates to home confinement at an earlier

time under the CARES Act"). Therefore, we do not have jurisdiction to decide Mr. King's request to be released into home confinement.

### **Conclusion**

We deny Mr. King's Motion for compassionate release without prejudice because Mr. King has not presented an extraordinary and compelling reason for release. Even though Mr. King does not present a danger to the community and the § 3553(a) factors weigh in his favor, the Court cannot grant his Motion for release. An Order follows.